# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6868 | **DATE** | 8/22/2001 |
| **CASE TITLE** | Challenge Aspen vs. King World Productions et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Defendants Kids First Marketing, Inc. and Lee Keirsted's motion to dismiss the amended complaint [25-1], [8-1] is granted in part and denied in part. Counts III and IV are dismissed as to the individual defendant, Lee Keirsted, only. The motion is denied in all other respects. The ruling date of 9/11/2001 is stricken and no appearance is necessary on that date. The parties are to contact the courtroom deputy for a settlement conference at (312) 435-6870.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 3 2001 | 34 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TSA | courtroom deputy's initials | 01 AUG 23 AM 8:26 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHALLENGE ASPEN, | ) |
| Plantiff, | ) |
| v. | ) No. 00 C 6868 |
| KING WORLD PRODUCTIONS CORPORATION, KIDS FIRST MARKETING, INC., and LEE G. KEIRSTED, | ) Wayne R. Andersen<br>) District Court Judge |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendants Kids First Marketing, Inc. and Lee Keirsted to dismiss plaintiff's amended complaint pursuant to Fed.R.Civ.P. 9 and 12. For the following reasons, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The allegations of the amended complaint reveal that plaintiff is a non-profit corporation which provides recreational activities for people with mental and physical disabilities. In March 1998, Houston Cowan, plaintiff's executive director, contacted Kids First regarding Kids First supplying auction items for plaintiff's 1998 summer auction charity fund raiser. Mr. Cowan spoke with Tom Christofferson, Kids First's General Manager and Lee Keirsted, Vice President of King World Productions Corp. and President of Kids First. During that March 1998 telephone conversation and subsequent telphone conversations, both Keirsted and Christofferson allegedly assured Mr. Cowan that Kids First was a reputable

company affiliated with King World. Defendants allegedly provided Mr. Cowan with business references to confirm that dealings with Kids First were dealings with King World. In April 1998, Mr. Cowan spoke to Mr. Christofferson whereby the parties entered into an oral agreement (the "Agreement") under which Kids First would supply plaintiff with items to be sold at the 1998 summer auction.

Pursuant to the Agreement, Christofferson allegedly provided plaintiff with a list of items (the "Production Listing") that were available for the 1998 summer auction. Christofferson allegedly informed Cowan that the Production Listing items had already been purchased by Kids First and were available for sale at the 1998 summer auction. Plaintiff then selected a number of items to be auctioned at the 1998 summer auction.

In the weeks before the 1998 summer auction, Keirsted and Christofferson allegedly repeatedly informed Cowan that the items on the Production Listing were available for sale at the 1998 Summer Auction as promised. On July 12, 1998, plaintiff held its auction and successfully sold numerous items, including four vacation packages selected from the Production Listing. Based on the formula set forth under the Agreement, plaintiff tendered a check to Kids First for the vacation packages sold at the 1998 summer auction.

In March 1999, plaintiff learned that the vacation packages purchased at the 1998 summer auction allegedly were not being supplied by the defendants. Cowan spoke to Keirsted, and he allegedly confirmed that plaintiff's check had been cashed and that defendants would not supply the vacation packages purchased at the 1998 summer auction. According to the amended complaint, plaintiff has not been reimbursed for its payment to defendants for the vacation packages.

2

## DISCUSSION

In ruling on a motion to dismiss, the court must accept as true each of the factual allegations of the complaint. Lashbrook v. Oerkfitz, 65 F.3d 1339, 1343 (7th Cir. 1995). The court views the factual allegations, and all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff. Colfax Corp. v. Illinois State Toll Way Authority, 79 F.3d 631, 632 (7th Cir. 1996).

### I. The Amended Complaint Meets The Requirements of Fed.R.Civ.P. 9(b)

Defendants argue that Counts I and II, consumer fraud and common law fraud, fail to meet the pleading requirements of Fed.R.Civ.P. 9(b). Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

We find that the allegations of the amended complaint satisfy the requirements of Rule 9(b). The amended complaint answers the necessary questions of: 1) who committed the alleged fraud; 2) what constituted the alleged fraud; 3) when the alleged fraud was committed; 4) where the alleged fraud was committed; and 5) how the alleged fraud was committed.

Thus, we find that plaintiff's amended complaint meets the requirements of Rule 9(b) and sufficiently notifies the defendants of the fraud allegations against them with particularity. Therefore, defendants' motion to dismiss Counts I and II is denied.

### II. Count III Adequately Pleads Breach Of Contract

Defendants argue that Count III, breach of contract, should be dismissed because it incorporates the prior fraud allegations under a breach of contract heading. We disagree.

In order to plead breach of contract, plaintiff must plead offer, acceptance, consideration, performance by plaintiff, and breach by the defendants causing a loss. See Tibor Machine Products, Inc. v. Freudenberg-Nok General Partnership, 967 F. Supp. 1006, 1010 (N.D. Ill. 1997). In this case, plaintiff has adequately pled all of the elements necessary for a breach of contract claim. As Count III appropriately incorporates prior paragraphs by reference and adequately pleads breach of contract, defendants' motion to dismiss Count III is denied.

### III. Plaintiff Has Properly Alleged A Cause Of Action For Promissory Estoppel In The Alternative

Defendants argue that Count IV, promissory estoppel, should be dismissed because breach of contract and promissory estoppel are mutually exclusive and cannot be pled in the same complaint. We deny the motion to dismiss because a plaintiff may plead alternative causes of action. Prentice v. UDC Advisory Services, Inc., 271 Ill.App.3d ;505, 648 N.E.2d 146 (1st Dist. 1995); Wagner Excello Foods, Inc. v. Fearn International, Inc., 235 Ill.App.3d 224, 601 N.E.2d 956 (1st Dist. 1992) (a party may plead claims for breach of contract and promissory estoppel in the alternative). Furthermore, courts have recognized that "to the extent that [plaintiff] ultimately will not be able to prevail under both theories of recovery, it need not embrace one over the other at the early stage of the pleadings. Prentice, 648 N.E.2d at 150.

### IV. Count III and IV Claims Against Keirsted Must Be Dismissed

The amended complaint does not state a cause of action for breach of contract in Count III against Lee Keirsted. Moreover, in its response brief, plaintiff does not contest the fact

4

that it has stated no breach of contract claim against Lee Keirsted individually. The only contract alleged by plaintiff is the oral contract claimed to have been made by Thomas Christofferson on behalf of Kids First. Thus, plaintiff alleges that it entered into a contract with the corporate entities, Kids First and King World, while nowhere alleging that it had a contract with Lee Keirsted individually. Accordingly, Count III is dismissed as to Lee Keirsted.

Moreover, the promissory estoppel claims alleged in Count IV are dismissed against Lee Keirsted. Nowhere does plaintiff plead that it expected to receive any of the auction items from Lee Keirsted, individually. Plaintiff pleads "[u]nder the terms of the agreement entered in April 1998, the defendants agreed that Kids First would supply numerous items to be purchased at the 1998 Summer Auction." Plaintiff never pleads that there was an exchange of promises for Mr. Keirsted to provide anything in his individual capacity. Furthermore, the check allegedly used by plaintiff to pay for the auction items is made out to "Kids First Foundation Marketing, Inc." Therefore, it is apparent from the face of the pleading that plaintiff did not reasonably rely upon Lee Keirsted to provide it with any items. Moreover, in its response brief, plaintiff does not argue that it has stated a cause of action against Mr. Keirsted individually for promissory estoppel. Instead, plaintiff is silent on the issue. Thus, Count IV is dismissed against Lee Keirsted.

## CONCLUSION

For the foregoing reasons, defendants Kids First Marketing, Inc. and Lee Keirsted's motion to dismiss the amended complaint is granted in part and denied in part. Counts III and

IV are dismissed as to the individual defendant, Lee Keirsted, only. The motion is denied in all other respects. The ruling date of September 11, 2001 is stricken and no appearance is necessary on that date.

It is so ordered.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Wayne R. Andersen
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: *August 22, 2001*